**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANCHEZ & DANIELS, et al., | ) |
| | ) |
|     Plaintiffs and | ) |
|     counterclaim defendants, | ) |
| | ) |
| vs. | )   Case No. 04 C 5183 |
| | ) |
| KORESKO & ASSOCIATES, et al., | ) |
| | ) |
|     Defendants and | ) |
|     counterclaim plaintiffs, | ) |
| -------------------------------------------------------- | ) |
| | ) |
| CLINTON KRISLOV, et al., | ) |
| | ) |
|     Additional counterclaim | ) |
|     defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

    Chicago law firm Sanchez & Daniels and its partners (collectively, S&D) sued Pennsylvania law firm Koresko & Associates, P.C. and John Koresko (collectively, Koresko), invoking the Court's diversity jurisdiction. S&D sought a declaratory judgment that it was not obligated to pay Koresko for legal services performed for S&D from 2002 through 2004, some of it in connection with another lawsuit over which this Court presided, *Daniels v. Bursey,* Case No. 03 C 1550 (N.D. Ill.). S&D asserted that Koresko had breached an agreement between the parties and had committed misconduct in the course of the representation.

    Together with his answer to S&D's claims, Koresko filed an extensive pleading that he denominated as "counterclaims and third party complaint." In that pleading, Koresko brought

claims against S&D and against numerous other parties – his former co-counsel, the defendants in *Daniels v. Bursey,* and those defendants' attorneys – that he called "third party defendants." Though, as will become clear, the Court does not believe that Koresko used the correct terminology for these claims and new parties, for purposes of this decision the Court adopts the terms Koresko used.

Koresko asserted counterclaims against S&D for breach of contract, unjust enrichment, conversion, *quantum meruit,* and breach of fiduciary duty. Counterclaim, Counts 1-5. He also asserted claims against S&D for violating, together with the so-called "third party defendants," two federal statutes: the Employee Retirement Income Security Act and the Racketeer Influenced and Corrupt Organizations Act. Third Party Complaint, Counts 11-14. In addition, Koresko alleged that S&D conspired with and aided and abetted these same other persons and entities in committing various common law torts, including intentional interference with contract, defamation, and abuse of process. Counterclaim, Counts 6-7. As additional defendants on these same tort claims (though in separate "counts"), Koresko named Clinton Krislov, the lawyer who was Koresko's co-counsel in representing S&D in *Daniels v. Bursey*; the *Daniels v. Bursey* defendants; and those defendants' legal counsel. Third Party Complaint, Counts 3-10. Koresko also asserted claims against Krislov for breach of fiduciary duty and conversion. *Id.,* Counts 1-2.

The Court determined to split the case into two parts for purposes of pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(b). The first part consisted of S&D's claims against Koresko, and certain of Koresko's claims against S&D: his breach of contract, conversion, unjust enrichment, *quantum meruit,* and fiduciary duty claims. The second part

2

consisted of Koresko's remaining claims against S&D and his claims against the so-called third party defendants. *See* Order of Aug. 17, 2005.

The Court stayed proceedings on the second part of the case pending determination of the first part, and S&D and Koresko proceeded with discovery and trial preparation. On December 1, 2005, the Court granted summary judgment in S&D's favor on Koresko's claims against S&D except for his *quantum meruit* claim (and, of course, the statutory and common law tort claims the Court had severed). *See Sanchez & Daniels v. Koresko & Assocs.,* No. 04 C 5183, slip op. (N.D. Ill. Dec. 1, 2005) ("*Sanchez & Daniels I*"). In April 2006, the Court held a bench trial on S&D's declaratory judgment claim and Koresko's *quantum meruit* claim. On August 21, 2006, the Court found in favor of Koresko on S&D's claim for a declaratory judgment of non-liability and on Koresko's *quantum meruit* claim. *Sanchez & Daniels v. Koresko & Assocs.,* No. 04 C 5183, slip op. (N.D. Ill. Aug. 21, 2006) ("*Sanchez & Daniels II*"). The Court awarded Koresko $83,000 on the *quantum meruit* claim, significantly less than the amount Koresko sought.

The Court entered a judgment on the first part of the case, but we did not make an "express determination that there is no just reason for delay," as Rule 54(b) requires as a prerequisite to entry of *final* judgment. Despite the absence of a final judgment, Koresko filed a notice of appeal.

In the meantime, the Court resumed consideration of the second, severed part of the case. The counterclaim defendants had filed motions to dismiss. Supplemental briefs were filed by the parties, and the counterclaim defendants' motions are now ripe for decision.

## Discussion

**1.     Jurisdiction**

Though neither party has raised the issue of the Court's jurisdiction, we do so on our own motion. The issue is whether the Court may proceed with determination of matters relating to the second, severed part of the case even though Koresko has filed a notice of appeal on the first part of the case. The answer is yes. The filing of a notice of appeal deprives the district court of jurisdiction only over those aspects of the case involved in the appeal. *See, e.g., Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). The remaining claims are not at issue in Koresko's appeal (which, in any event, was filed prematurely in light of the absence of a Rule 54(b) finding by this Court, or even a request for such a finding by Koresko).

The Court therefore proceeds to address the issues raised by the counterclaim defendants' motions.

**2.      Federal Rule of Civil Procedure 14**

The "third party defendants" argue that they are not properly joined under Federal Rule of Civil Procedure 14(a) because that rule permits only those third party claims that are derivative of the plaintiff's claim against the defendant. In a related argument made following the Court's ruling on S&D and Koresko's claims against each other relating to attorney's fees, the "third party defendants" argue that because Koresko was found not liable to S&D, they cannot be liable to Koresko.

This argument misses the mark. Koresko's claims against the parties he has named other than S&D are not made pursuant to Rule 14(a). Rather, they are made pursuant to Rules 13 and 20.

S&D sued Koresko seeking a declaratory judgment of non-liability for attorney's fees. Koresko asserted what amounted to a eleven-count counterclaim against S&D. Some of the

claims Koresko made against S&D are interrelated with the issue of S&D's liability, if any, to Koresko for attorney's fees – specifically, Counts 1 through 5 of the counterclaim, in which Koresko alleges breach of contract, unjust enrichment, conversion, *quantum meruit,* and breach of fiduciary duty.  Koresko's remaining claims against S&D are counterclaims in which Koresko alleges that S&D had committed various common law torts and statutory violations together with the third party defendants.  These claims include Counts 6 and 7 of the counterclaim, in which Koresko alleges that S&D conspired with and aided and abetted the "third party defendants," and Counts 11 through 14 of what he calls his third party complaint, in which he alleges that S&D and the "third party defendants" violated ERISA and RICO and conspired to violate those statutes.

The claims that Koresko made against S&D, the original plaintiff in this case, were made pursuant to Federal Rule of Civil Procedure 13, which governs counterclaims.  Rule 13(h) allows "[p]ersons other than those made parties to the original action [to] be made parties to a counterclaim ... in accordance with the provisions of Rules 19 and 20."  Fed. R. Civ. P. 13(h). Rule 20 allows persons to be joined in a single action as defendants – S&D and the so-called third party defendants were all defendants on Koresko's counterclaim – "if there is asserted against them jointly, severally, or in the alternative, any right to relief" that arises out of the same series of transactions or occurrences and if there is a common question of law or fact. Fed. R. Civ. P. 20(a).  That is the basis upon which Koresko added the new parties to this case; he named the "third party defendants" as parties liable along with S&D for the torts he alleged S&D had assisted the "third party defendants" in committing.

The Court, by order dated August 17, 2005, severed Counts 1 through 5 of Koresko's

counterclaim against S&D from the remainder of the counterclaim and so-called third party complaint. The Court's rationale was that these counts were, as indicated earlier, interrelated with S&D's declaratory judgment claims against Koresko and that the matter of S&D's liability to Koresko for attorney's fees should be determined separately from Koresko's remaining claims. This left the tort and statutory liability claims for later determination.

In short, the Rule 14 argument made by the "third party defendants" does not permit dismissal of Koresko's claims against them, as those claims are not made pursuant to Rule 14.

**3.      Federal Rule of Civil Procedure 8**

The "third party defendants" ask the Court to dismiss Koresko's claims against them on the ground they violate the requirement of Federal Rule of Civil Procedure 8(a) that a pleading set forth a "short and plain statement" of a party's claims. The Court agrees with Koresko that due to the somewhat complicated nature of his factual assertions, the third party complaint is not unduly verbose. The problem, however, is essentially the opposite one. In several of his claims, Koresko has lumped large numbers of "third party defendants" together into a group without identifying what he claims they did. As it turns out, however, this point is determinative of the motions to dismiss only with regard to the defamation and the associated aiding and abetting and conspiracy claims, which the Court will discuss shortly.

**4.      Tortious interference claims (Third Party Complaint, Counts 3 & 6)**

Koresko has advanced claims against the "third party defendants" for tortious interference with contract. He appears to allege that these parties interfered with his fee agreement with S&D. *See* Third Party Compl. ¶¶ 104-07 (as to Krislov), ¶¶ 167-68 (as to "third party defendants").

To succeed on a claim for tortious interference with contract under Illinois law, a plaintiff must prove that it had a valid and enforceable contract and that the defendant was aware of the contract and intentionally and unjustifiably induced the other contracting party to breach it, causing the plaintiff damages. *See, e.g., HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.,* 131 Ill. 2d 145, 154-55, 545 N.E.2d 672, 675 (1989). Koresko's claim founders on the first element. On summary judgment, the Court concluded that Koresko had no evidence from which a fact finder reasonably could find that he had an enforceable fee agreement with S&D. *See Sanchez & Daniels I,* slip op. at 6-8. He thus cannot sustain a tortious interference claim against either Krislov or the "third party defendants."

In his response to the motions to dismiss, Koresko recasts his tortious interference claims as claims for tortious interference with prospective economic advantage. Specifically, he argues that Krislov and the "third party defendants" interfered with his alleged expectation of representing a certified class of plaintiffs in *Daniels v. Bursey* and thereafter obtaining legal fees as class counsel upon settlement or prevailing. *See* Koresko Mem. (docket no. 188) at 12. Assuming for purposes of discussion that this is the type of expectation that can be the subject of a tortious interference claim, Koresko cannot sustain a claim. To succeed a claim for interference with prospective economic advantage, a plaintiff must prove a reasonable expectancy of entering into a valid business relationship, the defendant's knowledge of the expectancy, an intentional or unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and resulting damage to the plaintiff. *Anderson v. Vanden Dorpel,* 172 Ill. 2d 399, 406-07, 667 N.E.2d 1296, 1299 (1996). Based on the findings and conclusions that the Court has already made on Koresko's claims against S&D and S&D's

7

claims against Koresko, he cannot prove that Krislov or the "third party defendants" did anything that induced or caused a termination of his expectancy. Specifically, the Court found that the individual settlement of S&D's claims did not in any way impair the rights of the remainder of the uncertified putative class to pursue relief, *see Sanchez & Daniels II,* slip op. at 24, and thus the settlement did not impair Koresko's ability to represent the class (without S&D) and obtain a fee award.

Koresko's real claim may be that he had an enforceable interest in pursuing a class action with S&D as lead plaintiff and that in settling with S&D individually and taking various steps to encourage S&D to do so, Krislov and/or the "third party defendants" intentionally interfered with that expectancy. But it is clear from the Court's findings and conclusions on the Koresko - S&D claims that Koresko had no legitimate or enforceable interest in preventing S&D from settling individually. *See id.* at 40. As the Court has already determined, S&D had the absolute right to settle its own claims, irrespective of Koresko's views, hopes, or expectations. The corollary is that Koresko had no enforceable interest in S&D staying at the helm of the class action.

For these reasons, the Court dismisses Koresko's tortious interference claims.

**5.     Defamation claim (Third Party Complaint, Count 7)**

Koresko has asserted defamation claims against S&D and Krislov as well as the "third party defendants." He alleges that some of these persons or entities defamed him in various ways, and that the others conspired to defame him or aided and abetted defamation. Exactly who made what allegedly defamatory statements is somewhat murky. Koresko alleges that "[d]efendants Webster, Order, Krislov and Silverstein during the course of the underlying

8

litigation have made both written and oral statements to members of the judiciary, the legal community and insurance professionals and Koresko clients concerning Mr. Koresko's mental stability, professional ethics, competence and motivation." Third Party Compl. ¶ 174. He also alleges that "[t]he STEP and BENISTAR defendants along with their attorneys, Order, Webster, Robinson and Silverstein and their respective firms caused to be published on a Benistar/STEP website information about Mr. Koresko and pending litigation that was false and misleading. The publication was made with the knowledge and approval of all Defendants ...." *Id.* ¶ 175. Koresko also appears to allege that Silverstein made comments in the course of other lawsuits that were defamatory of Koresko, *id.* ¶ 176, and that other unidentified defendants made similar statements. *Id.* ¶ 177.

With regard to the STEP / Benistar entities and their counsel, the allegations require a more definite statement. The reason is that it is apparent from the face of Koresko's counterclaim that at least some of the statements he says were made may be protected by the privilege that applies to an allegedly defamatory statement that is "made in a judicial proceeding; had some connection or logical relation to the action; was made to achieve the objects of the litigation; and involved litigants or other participants authorized by law." *Edelman, Combs & Latturner v. Hinshaw & Culbertson,* 338 Ill. App. 3d 156, 165, 788 N.E.2d 740, 748 (2003) (internal quotation marks and citations omitted). *See* Third Party Compl. ¶¶ 174, 176. Though the Court makes no determination at this juncture whether, and to what extent, that privilege applies, it is appropriate to require Koresko to parse his claim a bit more finely so that the wheat may be separated from the chaff at a reasonably early stage of any ongoing litigation. *See Conley v. Gibson,* 355 U.S. 41, 47-48 & n.9 (1957).

9

With regard to the other parties named, Koresko's allegations fail to comply with Rule 8 because they provide the counterclaim defendants with no clue as to what they are claimed to have done. *See* Third Party Compl. ¶ 176 (alleging only that the other parties "approved of and supported the actions of and acted through" the STEP-related defendants). "'The primary purpose of [Rule 8's] provisions is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a viable claim is alleged and if so what it is.'" *Pafford v. Herman,* 138 F.3d 658, 667 n.6 (7th Cir. 1998) (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775 (7th Cir. 1994) (internal quotation marks and citations omitted)). The defamation claim against these defendants completely fails to measure up to that standard.

### 6. Abuse of process claim (Third Party Complaint, Count 8)

Koresko alleges that various "third party defendants" committed the tort of abuse of process by filing alleged "strike suits" against him and, in some instances, his clients, and that other "third party defendants" did unspecified things to encourage or promote the filing of these suits. Third Party Compl. ¶¶ 181, 183.[1] As the Court has indicated, Koresko's "third party complaint" violates Rule 8 by lumping together the parties who were not plaintiffs in the so-called strike suits without giving them the least clue as to what they are claimed to have done.

---

[1] Koresko alleges in Third Party Complaint ¶ 182 that S&D and Krislov "brought the present action for the purpose of avoiding payment of fees to Mr. Koresko" and to protect themselves from liability. The Court can take judicial notice of the fact that Krislov did not bring this case; he was brought into the case by Koresko! S&D *did* bring the case to avoid paying Koresko fees – that is precisely the relief that S&D sought in its declaratory judgment complaint – but its purpose in doing so was in no way improper, as there was, in fact, a dispute between S&D and Koresko over his entitlement to payment of fees. Moreover, as discussed with regard to the "third party defendants," there is no allegation that S&D performed any improper act in the use of legal process in this case.

Even if Koresko had complied with Rule 8, however, his abuse of process claims fail to state a claim upon which relief may be granted.

To succeed on a claim of abuse of process under Illinois law, a plaintiff must show the existence of an ulterior motive or purpose for the filing of a suit, and some act in the use of legal process not proper in the regular prosecution of the proceedings. *See, e.g., Podolsky v. Alma Energy Corp.,* 143 F.3d 364, 372 (1998) (applying Illinois law). Koresko has alleged that the "third party defendants," or at least some of them, had an improper motive in filing the other suits – namely, to harass Koresko and drive a wedge between him and his clients. Third Party Compl. ¶¶ 181, 183. But he has not alleged any act in the use of process issued by the court that was not proper in the regular prosecution of those cases, an essential element of the tort of abuse of process under Illinois law. *See, e.g., Arora v. Chui,* 279 Ill. App. 3d 321, 331-32, 664 N.E.2d 1101, 1108 (1991), *abrogated on other grounds by Cult Awareness Network v. Church of Scientology Int'l,* 177 Ill. 2d 267, 685 N.E.2d 1347, 1351 (1997); *Spiegel v. Zurich Ins. Co.,* 293 Ill. App. 3d 129, 133, 687 N.E.2d 1099, 1102 (1997).

For these reasons, the Court dismisses Koresko's abuse of process claim.

**7.     Conspiracy and aiding / abetting claims (Counterclaim,
        Counts 6 & 7; Third Party Complaint, Counts 4, 5, 9 & 10)**

"Conspiracy" is not an independent tort under Illinois law. *See, e.g., Thomas v. Fuerst,* 345 Ill. App. 3d 929, 936, 803 N.E.2d 619, 626 (2004). A party cannot be liable for conspiracy absent a tortious or unlawful act, committed in pursuit of an agreement, that would create liability. *See, e.g., Hurst v. Capital Cities Media, Inc.,* 323 Ill. App. 3d 812, 822-23, 754 N.E.2d 429, 438 (2001).

"Aiding and abetting" likewise is not a separate tort under Illinois law; there must be an

11

otherwise actionable tort that the defendant aided and abetted. *See, e.g., Hefferman v. Bass,* ___ F.3d ___, 2006 WL 2973677, *4 (7th Cir. Oct. 19, 2006) (Illinois law). In such a case, the aider and abetter is liable for the underlying tort, not for some separate tort of aiding and abetting. *Id.*

Because the Court has determined that Koresko cannot sustain claims for tortious interference or abuse of process, any claims for conspiracy to commit those torts or aiding and abetting others in committing them necessarily fail. With regard to his defamation claims, Koresko conceivably may be able to assert, in an amended counterclaim, viable claims against some of the "third party defendants." But if Koresko wishes to do so, he must do a much better job of laying out what he alleges the particular defendant or defendant did, consistent with the requirements of Rule 8 as the Court has discussed.

**8.      ERISA claims (Third Party Complaint, Counts 11 and 12)**

In Counts 11 and 12, Koresko alleges that certain of the third party defendants violated fiduciary duties imposed by ERISA "in failing to protect plan assets" of the STEP Plan (of which S&D was a beneficiary), by failing to prevent fiduciary breaches by others by using Plan assets to file allegedly baseless suits against Koresko and others, and by settling the *Daniels v. Bursey* case on an individual basis. Third Party Compl. ¶ 198. Koresko lacks standing to bring these claims. ERISA permits suits only by plan participants, beneficiaries, and fiduciaries. 29 U.S.C. § 1132(a). Koresko falls into none of these categories vis-a-vis the STEP Plan. His contention that as counsel to the never-certified class of STEP Plan beneficiaries, he was in effect a STEP Plan fiduciary, is baseless. Though the STEP Plan beneficiaries who were potential members of the never-certified class might be able to bring such a claim in their own right, any such claim was theirs, not Koresko's. A lawyer cannot step into his clients' (or

putative or prospective clients') shoes and bring, in his own name, a suit on their behalf. Counts 11 and 12 of the third party complaint are dismissed for lack of standing.

9.      **RICO claims (Third Party Complaint, Counts 13 and 14)**

Koresko likewise lacks standing to sue under RICO. In response to third party defendants' argument that he had failed to allege any RICO predicate acts, Koresko argued that the third party complaint described predicate acts consisting of conversion of Plan assets. *See* Koresko Mem. at 25. The persons damaged by conversion of Plan assets would be the Plan beneficiaries, not their lawyer. Again, Koresko may not step into the beneficiaries' shoes to bring a RICO suit. Counts 13 and 14 are dismissed for lack of standing.

10.     **Fiduciary duty claim against Krislov (Third Party Complaint, Count 1)**

Koresko's breach of fiduciary duty claim against Krislov is premised on the proposition that as co-counsel for S&D, they became joint venturers. Koresko made a similar claim against S&D, arguing that during the period of time (prior to Krislov's retention) that S&D attorneys worked alongside Koresko as co-counsel for S&D in *Daniels v. Bursey,* they entered into a joint venture with him and thereby assumed a fiduciary duty. The Court rejected this contention on summary judgment, *see Sanchez & Daniels I,* slip op. at 12-13, and sees no justification for a different result in the present context.

In addition, Koresko's fiduciary duty claim against Krislov is based on his allegation that Krislov acted "without regard to the putative class claims or any agreement Mr. Koresko had with [S&D] for compensation"; assisted S&D in settling their individual claims and then withdrawing the putative class claims; and filed papers with the Court disavowing, on S&D's behalf, filings made by Koresko after the settlement; and supported S&D's position that Koresko

13

was not entitled to attorney's fees. *See* Third Party Compl. ¶¶ 88-93. It is clear from Koresko's "third party complaint," as well as the Court's ruling on S&D and Koresko's claims against each other, that in taking these actions Krislov was acting in furtherance of S&D's decisions regarding whether to settle its claims, and on what terms. In that regard, Krislov's duty was to his client, S&D, not to Koresko. *See Sanchez & Daniels II,* slip op. at 40 (lawyer must abide by client's decisions concerning objectives of representation, including whether to settle a case; clients has absolute right to settle case without attorney's consent; citing authorities). The premise of Koresko's fiduciary duty claim against Krislov is that Krislov owed a higher duty to Koresko than to his client, S&D, and that Krislov somehow owed Koresko an obligation to undermine, or at least refuse to support, S&D's desire to settle its claims. Koresko cites no authority for such a remarkable proposition, and the Court is aware of none.[2] His breach of fiduciary duty claim against Krislov is lacks a proper legal foundation and is therefore dismissed.

**11. Conversion claim against Krislov (Third Party Complaint, Count 3)**

Koresko stated in his response to the motions to dismiss that he is not pursuing his claim of conversion against Krislov. The Court therefore dismisses that claim.

## Conclusion

For the reasons stated above, the Court grants the motions to dismiss the counterclaim and third party complaint [docket nos. 256, 266-1, 266-2]. Any motion by the defendants to file an amended counterclaim must be filed within fourteen days of this order and must be noticed pursuant to N.D. Ill. LR 5.3(b) for hearing in open court on a date no later than November 30,

---

[2] To the extent Koresko is attempting to advance a fiduciary duty claim against Krislov on behalf of the never-certified class, *see* Third Party Compl. ¶¶ 87, 91, he lacks standing to do so.

2006. If a motion to file an amended counterclaim is not timely filed and noticed, the order of

dismissal will become final with respect to Koresko's counterclaim / third party complaint.

                                                          _____
                                                             MATTHEW F. KENNELLY
                                                            United States District Judge

Date: November 8, 2006