**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANCHEZ and DANIELS, et al., ) | |
| ) | |
|     **Plaintiffs and** ) | |
|     **Counterclaim defendants,** ) | |
| ) | |
| vs. ) | Case No. 04 C 5183 |
| ) | |
| KORESKO and ASSOCIATES, et al., ) | |
| ) | |
|     **Defendants and** ) | |
|     **Counterclaim plaintiffs,** ) | |
| -------------------------------------------------------- ) | |
| ) | |
| CLINTON KRISLOV, et al., ) | |
| ) | |
|     **Additional counterclaim** ) | |
|     **defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants John Koresko and Koresko & Associates, P.C. have moved for leave to amend their counterclaim. For the reasons stated below, the Court grants defendants' motion but dismisses their new claim for lack of subject matter jurisdiction.

### Background

This suit began as a declaratory judgment action by Sanchez & Daniels and its partners (S&D), all Illinois citizens, against their attorney John Koresko and his firm Koresko & Associates, P.C. (Koresko), both Pennsylvania citizens. S&D sought a declaratory judgment that it was not obligated to pay Koresko for certain legal services performed for S&D, including work in another case over which this Court presided, *Daniels v. Bursey,* Case No. 05 C 1550

(N.D. Ill.). Koresko filed a counterclaim against S&D that named additional parties as jointly liable. Counts 1 through 5 of the counterclaim were claims against S&D for breach of contract, unjust enrichment, conversion, *quantum merit,* and breach of fiduciary duty. Counts 6 and 7 were claims against S&D for conspiring with and aiding and abetting other persons and entities in committing various common law torts against Koresko. Numbered separately as part of what Koresko called a "third party complaint" which was, strictly speaking, part of his counterclaim, Koresko asserted claims against Clinton Krislov, his former co-counsel in *Daniels,* the defendants in that case, and their lawyers for committing various torts – the same torts he alleged S&D had aided and abetted and conspired to commit. *See* "Third Party Complaint," Counts 3-10. Koresko also asserted claims against Krislov for breach of fiduciary duty and conversion. *Id.,* Counts 1-2. Finally, in his so-called "third party complaint," Koresko asserted claims against S&D and the so-called "third party defendants' for violating the Employee Retirement Income Security Act and the Racketeer Influenced and Corrupt Organizations Act. *Id.,* Counts 11-14.

The Court severed S&D's claims against Koresko and Counts 1 through 5 of Koresko's counterclaim against S&D from the rest of the case for pretrial and trial purposes, and those claims eventually proceeded to conclusion. The Court then returned to the remainder of Koresko's counterclaim. On November 8, 2006, the Court dismissed Koresko's remaining claims. *See Sanchez & Daniels v. Koresko & Assocs.,* No. 04 C 5183, 2006 WL 3253604 (N.D. Ill. Nov. 8, 2006). The Court's order noted that any motion to file an amended counterclaim had to be filed by a particular date, and that if no such motion was timely filed, the order of dismissal would become final with regard to the counterclaim. *Id.* at *8. The Court later extended that

deadline by a short period.

Koresko has now filed a proposed amendment of just one count of his counterclaim – actually, one count of what he had called his "third party complaint." Specifically, he seeks to amend Count 7 of the "third party complaint," which asserts a claim of defamation. The defendants oppose amendment on various grounds.

## Discussion

The original Count 7 of the so-called "third party complaint" asserted a claim of defamation against the original plaintiff S&D, Krislov, and numerous other parties. Though Koresko called his pleading a third party complaint, the Court concluded that it was in fact a counterclaim, because it asserted claims against the plaintiffs and named additional defendants pursuant to Federal Rules of Civil Procedure 13(h) and 20(a). *See Sanchez & Daniels,* 2006 WL 3253604, at *2-3. The Court was critical of the way in which Koresko pled the claim, noting that "[e]xactly who made what allegedly defamatory statements is somewhat murky." *Id.* at *5. The Court ruled that a more definite statement was required as to certain defendants because Koresko's allegations suggested that some of the allegedly defamatory statements might be protected by the privilege that applies to statements made in a judicial proceeding. The Court stated that "it is appropriate to require Koresko to parse his claim a bit more finely so that the wheat may be separated from the chaff at a reasonably early stage of any ongoing litigation." *Id.* With regard to the remaining counterclaim defendants, the Court ruled that Count 7 failed to comply with Federal Rule of Civil Procedure Rule 8 because it provided those defendants "with no clue as to what they are claimed to have done." *Id.*

Koresko's proposed amended Count 7 cuts back significantly on the number of

3

defendants alleged to have defamed Koresko. Specifically, the only named defendants are certain of the defendants in the *Daniels* litigation – Wayne Bursey and Daniel Carpenter – and lawyers who represented them in that litigation or otherwise – Jack E. Robinson, Ira Silverstein, Charles Webster, and Richard Order. There is no allegation, suggestion, or hint in Count 7 that S&D aided and abetted the alleged defamation, conspired to commit it, or played any role whatsoever. Thus in its current proposed form, Count 7 is no longer a counterclaim; rather it is, given these modifications, actually a third party claim.

The Court grants Koresko leave to amend because the proposed new claim satisfies the concerns the Court raised in dismissing the original version. Specifically, the new claim sufficiently advises each named defendant what he is claimed to have done. The allegations are not made with pinpoint specificity, but that is not required in federal pleading.

The defendants named in the amended defamation claim have, however, questioned whether the Court has subject matter jurisdiction over that claim. Though the Court had subject matter jurisdiction over the original action brought by S&D by virtue of diversity of citizenship, at this point all other claims have been disposed of, and amended Count 7 of the counterclaim stands alone. The Court lacks an independent basis for subject matter jurisdiction over that claim; it is a state law tort claim, and both Koresko (the plaintiff on that claim) and Silverstein (one of the defendants) are Pennsylvania citizens. Defendants argue that the Court lacks subject matter jurisdiction over amended Count 7 and that even if it has jurisdiction, the Court should decline to exercise it. These issues are governed by the supplemental jurisdiction statute, 28 U.S.C. § 1367.

Section 1367 provides that when a district court has original jurisdiction over an action,

4

the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," even if those claims "involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Two claims are part of the same case or controversy if they "'derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient.'" *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995) (quoting *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995)). The somewhat narrower "same transaction or occurrence" test that was used before the adoption of § 1367 no longer governs. *See Baer,* 72 F.3d at 1298-99.

The issue, therefore, is whether amended Count 7 derives from a nucleus of operative facts that it has in common with S&D's declaratory judgment claims against Koresko upon which this suit was originally based. The Court is inclined to believe the answer is yes. S&D asked for a judgment that it did not owe Koresko legal fees in the *Daniels* case because Koresko had breached an agreement with S&D and had committed misconduct in the course of representing S&D. In amended Count 7, Koresko says that the parties he names – defendants in the *Daniels* case and their attorneys – defamed him in retaliation for his pursuit of the *Daniels* case. Koresko also alleges that some of the allegedly defamatory statements were made to his client S&D during the course of the *Daniels* litigation. Proposed Amendment ¶¶ 7, 8(H), 9(E), 11(H), 12(D), 13(D). This is, in all likelihood, enough to satisfy the broad, Article III-based standard of § 1367(a).

The fact that the Court has supplemental jurisdiction over amended Count 7 does not mean, however, that the Court must exercise that jurisdiction. Section 1367(c) permits a district

5

court to decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law; it substantially predominates over the claims over which the court had original jurisdiction; the court has dismissed the claims over which it had original jurisdiction; or in exceptional circumstances in which there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c). In this case, the Court has disposed of all the claims over which it had original jurisdiction.

After a court has disposed of all the claims that gave it jurisdiction in the first instance, in assessing whether to retain jurisdiction over any remaining claims the court "must choose the course that 'best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine,'" a doctrine that was, in large part, codified in § 1367. *Centres, Inc. v. Town of Brookfield,* 148 F.3d 699, 704 (7th Cir. 1998) (quoting *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 172-73 (1997)).

Koresko argues that this Court's familiarity with the underlying litigation would allow the defamation claim to be determined more expeditiously and thus the interest of judicial economy would be served by retaining jurisdiction over that claim. Koresko also argues that because the defendants he has named have appeared in the *Daniels* case, it would not be unduly inconvenient to any of them to litigate the defamation claim here. *See* Koresko Reply at 6. The Court disagrees. Although the underlying case has been pending for some time, the defamation claims alleged in Count 7 amount to an entirely new suit, on which no discovery has yet been done. The Court is unpersuaded that its familiarity with the *Daniels* case would result in any appreciable economy of judicial effort; though, as noted earlier, some of the allegedly defamatory statements were made to parties in the *Daniels* litigation, most of them were made to

6

others.  *See* Proposed Amendment ¶¶ 8(A-G & I), 9(A-D & F), 10(A-F), 11(A-G, I-K), 12(A-C, E-G), 13(A-C, E-F).  The Court is also unpersuaded that the defamation claims would be more expeditiously determined in this District than in some appropriate state court.  The persons to whom the defamatory statements were made are said to be located all over the country; of these, as best as the Court can determine, only the S&D representatives are located in Illinois.  Subpoenaing any non-Illinois residents for deposition will involve no less effort if the case proceeds in federal court.  Finally, the fact that a litigant may have appeared in this District in another case, or perhaps just as a lawyer in another case, has no real bearing on whether it is convenient for him or her to litigate here rather than in a state court.

In sum, the Court sees no good reason to depart from "the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 596, 501 (7th Cir. 1999), *quoted in East-Miller v. Lake County Highway Dep't,* 421 F.3d 558, 564-65 (7th Cir. 2005).  Though there was a trial in this case, it concerned the distinct, and severed, claims of S&D against Koresko, and Koresko's counterclaims, relating to the S&D - Koresko fee dispute.  Given the procedural background of this case, the relevant "federal claims" for present purposes are those that were contained in Koresko's original counterclaim, specifically his ERISA and RICO claims, all of which were dismissed without a trial.  The Court declines to continue to exercise supplemental jurisdiction over Koresko's remaining proposed claim.

## Conclusion

For the reasons stated above, the Court grants defendants' amended motion for leave to amend their counterclaim [docket no. 383] but dismisses the amended counterclaim without

7

prejudice for lack of subject matter jurisdiction. This ruling disposes of all remaining claims in this case. The status hearing set for January 4, 2007 is vacated. The Clerk is therefore directed to terminate the case.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 3, 2007